432 F.2d 420
 UNITED STATES of America, Appellant,
v.
TEN EROTIC PAINTINGS Identified as George Brosz (Sic), Melle, Water Color, Japanese Painting on Silk, Peverelli, Painting on Crepe Paper, Karel Appel, Indian (Sic) Ink Drawing, Indian Painting, Chinese Painting, Hans Bellemen, (Sic) Drawing, Anonymous French Etching, Appellees.
 No. 14566.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1970.
 Decided October 2, 1970.
 
 Robert G. Mahony, Atty., Department of Justice (Will Wilson, Asst. Atty. Gen., and William S. Sessions, Atty., Department of Justice, on the brief), for appellant.
 Michael J. Milton, Baltimore Md. (Sheldon H. Braiterman, Baltimore, Md. and Harriet F. Pilpel, New York City, on the brief), for appellees.
 Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and LEWIS, District Judge.
 PER CURIAM:
 
 
 1
 Summary judgment was granted to the claimants in this proceeding under 19 U.S.C.A. § 1305 for the forfeiture of ten paintings and drawings which the claimants sought to import into this country. The paintings and drawings are part of a much larger collection of erotic art which the claimants, the Drs. Kronhausen, have assembled and which have been shown in museums in Scandinavia.
 
 
 2
 The paintings and drawings are very explicit in their showing of male and female sex organs, sometimes in conjunction or approaching conjunction. While the claimants contend that they do not appeal to the prurient interest of the average adult, there would certainly be a triable issue on that score in light of the Court's view of photographs of the paintings and drawings and an affidavit of a psychiatrist filed on behalf of the Government. Summary judgment was granted, however, on the ground that, even if the paintings do have an appeal to the prurient interest of the average adult, they all have artistic merit, and the antique oriental paintings and drawings have historic and anthropological interest as well.
 
 
 3
 We affirm for the reasons stated by the District Judge. United States v. Ten Erotic Paintings, D.Md., 311 F. Supp. 884.
 
 
 4
 While the Government contends that whether or not the paintings and drawings are obscene was a triable issue, it did nothing to counter the number of affidavits filed by the claimants, in which art critics, museum curators, and others, certified to their artistic merit, and to the general recognition in the world of art of the painters of the modern paintings included within the ten sought to be imported. The Government contented itself with filing one affidavit, in which a psychiatrist addressed himself only to the question of prurient interest appeal and not at all to the question of social values residing in the artistic merit and historic interest of the paintings and drawings. There was thus no dispute among any of the affiants about the presence of redeeming social values in these paintings and drawings.
 
 
 5
 Under those circumstances, the District Judge quite properly concluded that the Customs officials could not prevent the entry of these materials on the ground of obscenity. A Book Named "John Cleland's Memoirs of a Woman of Pleasure" et al. v. Attorney General of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1.
 
 
 6
 We endorse the more detailed discussion of the District Judge.
 
 
 7
 The District Judge acted on the basis of representations by the Kronhausens that their intention was to exhibit these paintings and drawings in the United States only to adult audiences without pandering and without public displays of reproductions which might be viewed by children or unwilling adults. Our affirmance of the District Court should be understood as not intended to foreclose any subsequent proceeding instituted on the basis of a claim that the paintings and drawings have been deprived of their redeeming social value by the manner in which they are exhibited or advertised. See Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31.
 
 
 8
 Affirmed.
 
 
 9
 LEWIS, District Judge (dissenting).
 
 
 10
 I am still of the opinion that this case should have been heard and disposed of on the merits — not by summary judgment.
 
 
 11
 If I read 19 U.S.C. § 1305(a) correctly, Congress has prohibited the importation into the United States from any foreign country * * * any obscene * * * print, picture, drawing * * except so-called classics only when imported for non-commercial purposes.
 
 
 12
 This was a test case brought about by the claimants after the Customs officials refused to give an advance ruling concerning the importation and showing of a collection of erotic art previously museum-shown in Sweden and Denmark.
 
 
 13
 Ten of the items, some of which are explicit portrayals of sexual acts, were taken from the collection and airshipped to Baltimore — They were seized on arrival by the Customs officials and turned over to the United States Attorney as § 1305(a) provides. This forfeiture action followed.
 
 
 14
 The Government says some of the seized pictures are obscene and that it is fully prepared to so prove if given the opportunity.
 
 
 15
 Summary judgment was granted in this case, primarily on the ground the Government failed to file affidavits contravening the claimed artistic, historic and anthropological value of the pictures.
 
 
 16
 The majority on the panel, if I read their per curiam opinion correctly, affirm on the ground that even if the paintings do have an appeal to the prurient interest of the average adult — they all have artistic merit.
 
 
 17
 The Government does not question the fact that these paintings were done by well known artists or represent well recognized schools of art. It claims their "social value" [and/or artistic merit] must be assessed wholly in the context of how they will be used and cannot be resolved as a matter of law by alluding to the reputation of the painters.
 
 
 18
 I agree with this contention. To say the least, different inferences and conclusions could be drawn from viewing the pictures and from the admitted facts — especially so if the pictures were to be artistically evaluated in relation to their intended use.
 
 
 19
 Although the claimants admit their pictures are to be exhibited in a commercial enterprise for profit, there is much uncertainty in re the extent of other future commercial uses. This the Government wants to develop at the requested hearing on the merits.
 
 
 20
 The element of social value, like all elements of obscenity, is one for the finder of the facts under proper instructions — Obscenity cannot be determined as a matter of law by alluding to the reputation of the painter. An obscene picture does not cease to be obscene merely because it was painted or drawn by a well known artist.
 
 
 21
 I would remand for a plenary hearing so the facts could be fully developed.